IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                                                    CASE NO. 4:14cv332-RH/CAS

**T. BRYANT,
and A. CENTENO,**

    **Defendants.**
_____/

## AMENDED REPORT AND RECOMMENDATION and ORDER

    Plaintiff, proceeding pro se, filed a second amended civil rights complaint, doc. 8, which was reviewed in early December 2014. Finding the complaint remained deficient even after two separate orders were entered directing Plaintiff to amend the complaint and pointing out numerous deficiencies to him, docs. 5, 7, a Report and Recommendation was entered on December 4, 2014. Doc. 9. The recommendation was to dismiss the second amended complaint. However, because Plaintiff had one claim that appeared plausible, it was also recommended that Plaintiff be required to file a third amended complaint which complied with the prior court orders. *Id.*

    Plaintiff has now filed a third amended complaint, doc. 10, naming only Defendants Bryant and Centeno. Doc. 10. In light of Plaintiff's submission of an

amended complaint, he has withdrawn the second amended complaint and there is no longer a need for the assigned district judge to review the Report and Recommendation, doc. 9.  This Report and Recommendation is entered in place of the Report and Recommendation entered in December 2014.

Plaintiff's third amended complaint alleges only that Defendant Centeno did not fully investigate the case against Plaintiff and did not provide Plaintiff with any information about the case.  *Id.* at ¶7.  Plaintiff said that two city employees told Defendant Centeno that "the residence of 1821 McKelvy was supposed to be without utility services since 2007."  *Id.* at ¶7.  Plaintiff contends that Defendant Centeno contacted the utilities department of the city of Quincy and confirmed that the residence "had its power turned off since August 10, 2007."  *Id.*  Plaintiff alleges those facts are not true.  Plaintiff alleges he was falsely arrested on February 21, 2012, for theft of utilities.  *Id.* at ¶1.  Construed liberally, Plaintiff's complaint alleges that it was improper to arrest him in 2012 based on an arrest warrant issued in 2008.  *Id.* at 5.

While Plaintiff makes the conclusory allegation that Defendant Centeno did not fully investigate the case against Plaintiff, review of the probable cause narrative[1] reveals the opposite.  Doc. 10 at 10.  Defendant Centeno was dispatched to Plaintiff's property on June 5, 2008, in reference to theft of utilities."  *Id.*  Centeno spoke with two city employees who advised that the utility meter was running but was supposed to be without utilities services.  *Id.*  Centeno called a telephone number "belonging to the residence" but no one answered.  *Id.*  Centeno spoke to a neighbor who advised that Plaintiff lived in the house.  *Id.*  Centeno then contacted the utilities department who

---

[1] The probable cause narrative is attached to the complaint.  Doc. 10.

Case No. 4:14cv332-RH/CAS

also confirmed that the power was turned off since August 10, 2007.  *Id.*  Ms. Clemey, from the utilities department, also confirmed that the property owner was John Henry Dixon, but the records showed Plaintiff Ronald Jones was "the last person to stay at the property."  *Id.*  That individual was the same person identified by the neighbor.  *Id.*  Ms. Clemey further advised that when the power was turned off in August of 2007, the electric meter reading was 6785, but the reading on the meter in June of 2008 was 5047, indicating it "had rolled over."  *Id.*  The water meter in August of 2007 had been 17171, but now read 18083.  *Id.*  Defendant Centeno concluded there was "enough evidence took to conclude that Ronald Jones is the suspect who carried out the theft" and Centeno forwarded the "case to the State Attorney for warrant review against Ronald Jones for theft or utilities per Florida Statute 812.014."  *Id.*

Those facts demonstrate that Centeno conducted an investigation of the reported crime of utility theft.  It may have been helpful to interview Plaintiff prior to referring the matter to the State Attorney's Office, but it did not violate Plaintiff's constitutional rights to not do so.  Rankin v. Evans, 133 F.3d 1425, 1435-36 (11th Cir. 1998) (finding that an arresting officer must "conduct a reasonable investigation to establish probable cause" but he "need not 'investigate independently every claim of innocence.' ") (quoting Tillman v. Coley, 886 F.2d 317, 321 (11th Cir. 1989)).  Moreover, Plaintiff's claim that Defendants did not provide Plaintiff with any information about the alleged crime is not sufficient either.  A law enforcement officer has no duty to advise a person that he is a suspect or that a warrant is being sought for his arrest.

To the degree Plaintiff alleges a claim against Defendant Bryant, he states only that he "willfully falsely arrested [Plaintiff] on a bogus charge of Theft of Utilities."  Doc.

10 at 2.  That claim is insufficient because Defendant Bryant had a warrant for Plaintiff's arrest, signed by Judge Parsons.  Doc. 10 at 11, 16.  Because Plaintiff was arrested pursuant to legal process (the warrant), Plaintiff's § 1983 claim could only be for malicious prosecution, not false arrest.  Carter v. Gore, 557 F.App'x 904, 906 (11th Cir. 2014) (holding that issuance of a warrant, even an invalid, "constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest.") (quoting Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) (distinguishing false arrest from malicious prosecution, stating, 'unlike the related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process.' ")); *see also* Calero–Colon v. Betancourt–Lebron, 68 F.3d 1, 4 (1st Cir. 1995) (holding adopted by the Eleventh Circuit in Whiting v. Traylor, 85 F.3d 581, 585 (11th Cir. 1996)); Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003), *cert denied*, 124 S.Ct. 298 (2003).

"Under Florida law, the elements of a malicious prosecution claim are: '(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.' " Blackshear v. City of Miami Beach, 799 F.Supp.2d 1338, 1347 (S.D.Fla.,2011) (quoting Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004) (stating that "To

establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures.")).  Plaintiff has not demonstrated that there was an absence of probable cause and there are no allegations of malice against either Defendant.  The documentation attached to Plaintiff's third amended complaint reveal that Plaintiff cannot succeed on his claim for malicious prosecution against either Defendant and this case should be dismissed.

**ORDERED**

This Amended Report and Recommendation is entered to replace the first Report and Recommendation, doc. 9, and the Clerk shall terminate all deadlines for that Report and Recommendation.

**RECOMMENDED**

In light of the foregoing, it is respectfully **RECOMMENDED** that all claims raised in Plaintiff's third amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on February 2, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**