IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RONALD DAVID JONES,

    Plaintiff,

v.                                    CASE NO. 4:14cv332-RH/CAS

T. BRYANT and A. CENTENO,

    Defendants.

_____/


## ORDER DISMISSING THE THIRD AMENDED COMPLAINT

In his third amended complaint, the plaintiff Ronald David Jones asserts that he was unconstitutionally arrested without probable cause on a charge of utilities theft. An arrest without probable cause violates the Fourth Amendment. A person who is so arrested may assert a claim under 42 U.S.C. § 1983. The issue now before the court is whether the third amended complaint adequately states such a claim.

The issue is here based on the magistrate judge's amended report and recommendation, ECF No. 11, and the objections, ECF No. 13. I have reviewed *de novo* the issues raised by the objections. The report and recommendation

concludes that the third amended complaint fails to state a claim on which relief can be granted. That is correct.

A district court should dismiss a complaint for failure to state a claim when the complaint does not include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this purpose, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The third amended complaint names as defendants two City of Quincy police officers: T. Bryant and A. Centeno. The facts, according to the third amended complaint and Officer Centeno's probable-cause affidavit (which is an attachment to, and thus properly considered part of, the third amended complaint), include the following.

In 2008, two city utilities employees told Officer Centeno that utilities at a specific residence had been turned off nearly a year earlier, in 2007. Officer Centeno and the employees visually inspected the property from outside a fence and determined that utilities were on; a meter was running. Officer Centeno confirmed with yet another utilities employee that the utilities should not have been on. According to utilities records and a neighbor, Mr. Jones resided at the

property.  Officer Centeno attempted to call Mr. Jones, but he did not answer; he was at work.

Officer Centeno signed a probable-cause affidavit under oath.  He submitted the affidavit to the state attorney for review.  The state attorney applied for a warrant for Mr. Jones's arrest.  A state judge issued the warrant.

Some four years later, in 2012, Officer Bryant arrested Mr. Jones on the warrant.

Mr. Jones says his utilities were on—that he was lawfully using utilities, not stealing them.  He does not, however, allege that he was paying for utilities, as one ordinarily would do on a monthly basis.  Nor does Mr. Jones deny that utilities employees *told* Officer Centeno the utilities were off.  Armed with seemingly reliable reports that the utilities were turned off and his own visual confirmation that utilities were being used, Officer Centeno had probable cause to believe utilities were being stolen.  And he had probable cause to believe Mr. Jones, as the resident of the securely fenced property, was the thief.

Mr. Jones readily admits some of these facts.  The utilities were being used.  He lived at the property and indeed was the one using the utilities.  He takes issue only with the assertion that the utilities were turned off and that he was engaged in theft.  On those matters, though, Mr. Jones has alleged no facts suggesting that

Officer Centeno had any reason to doubt the seemingly reliable reports of the utilities employees.

To be sure, it might have been better for Officer Centeno to try harder to reach Mr. Jones.  It might have been better for the state attorney to insist on an effort to reach Mr. Jones.  But at least insofar as shown by the third amended complaint, Officer Centeno made a scrupulously accurate report of his investigation and provided it to the state attorney.  At least insofar as shown by the third amended complaint, the state attorney accurately set out the facts in the application for a warrant.  Especially in light of the availability of qualified immunity, Officer Centeno cannot be held liable based on his accurate report of the facts to the state attorney.  And even more clearly, Officer Bryant cannot be held liable for doing nothing more than executing an apparently valid warrant.

Mr. Jones also asserts that the utilities-theft charge and his arrest constituted defamation.  But an officer does not defame an individual by accurately reporting facts to the state attorney or arresting an individual based on a facially valid warrant.  Mr. Jones has not stated a defamation claim on which relief can be granted.

For these reasons, this order directs entry of judgment dismissing with prejudice Mr. Jones's claims against Officers Centeno and Bryant.  Mr. Jones

abandoned claims against other defendants named in earlier versions of the complaint; those claims will be dismissed without prejudice.

IT IS ORDERED:

1. The amended report and recommendation is ACCEPTED and adopted as the court's opinion.

2. The clerk must enter judgment stating, "All the claims of the plaintiff Ronald David Jones against the defendants T. Bryant and A. Centeno are dismissed with prejudice. All the claims against other defendants are dismissed without prejudice."

3. The clerk must close the file.

SO ORDERED on December 15, 2015.

                                         s/Robert L. Hinkle  
                                         United States District Judge